**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**
**AT CINCINNATI**

| | |
|---|---|
| SKATTEFORVALTNINGEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-00699-SJD |
| v. ) | |
| ) | |
| ) | |
| ANTHONY MILES SINCLAIR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Anthony Miles Sinclair ("Defendant" or "Sinclair"), by and through counsel, respectfully submits this Motion to Dismiss the Complaint filed by Plaintiff, Skatteforvaltningen ("Plaintiff" or "SKAT"), for failure to state claims upon which relief may be granted. A Memorandum in Support is tendered simultaneously herewith.

Respectfully submitted,

*/s/ V. Brandon McGrath*
V. Brandon McGrath
DENTONS BINGHAM GREENEBAUM LLP
312 Walnut Street #2450
Cincinnati, OH 45202
(513) 455-7641
Brandon.mcgrath@dentons.com

COUNSEL FOR DEFENDANT,
ANTHONY MILES SINCLAIR

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | |
|---|---|
| SKATTEFORVALTNINGEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:22-cv-00699-SJD ) ) ) |
| ANTHONY MILES SINCLAIR, | ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant, Anthony Miles Sinclair ("Defendant" or "Mr. Sinclair"), by and through counsel, respectfully submits this Memorandum in Support of his Motion to Dismiss the Complaint filed by Plaintiff, Skatteforvaltningen ("Plaintiff" or "SKAT"), for failure to state claims upon which relief may be granted.[1]

**I.    Factual and Procedural Background**

Plaintiff is the agency of the government of Denmark charged with the assessment and collection of Danish taxes.[2] (DE #1, ¶ 1.) Mr. Sinclair is a citizen of the State of Ohio, currently residing in the Cincinnati area. (*Id*., ¶ 17.) Although Mr. Sinclair is the named defendant, the

---

[1] Although not addressed in this Motion, Defendant believes that he has additional defenses to this action relating to the applicable statutes of limitation. However, these defenses rely on information outside of the pleadings, and thus, are not properly addressed within a Rule 12(b)(6) Motion. Defendant reserves the right to assert additional defenses based on the statutes of limitation at a later date, should this Motion be denied in whole or in part.

[2] Defendant does not admit the allegations contained in Plaintiff's Complaint and reserves the right to dispute them should this Motion be denied, in whole or in part. The alleged facts set forth in this Memorandum are submitted solely because the Court must accept all well-pled facts as true for the purposes of a Rule 12(b)(6) motion. *Hill v. Blue Cross & Blue Shield of Mich*., 409 F.3d 710, 716 (6th Cir. 2005). However, the Court is not bound to accept as true legal conclusions couched as facts. *Id*.

2

Complaint primarily describes allegedly unlawful actions by others who are not parties to this case. The Complaint identifies these actions by others and then appears to imply that Mr. Sinclair was part of some scheme because he created certain limited liability companies and pension plans.

The Complaint identifies the perpetrators of the fraud and then describes how the alleged scheme took place. (DE 1, ¶¶ 9, 24-66.)  The alleged scheme involves a pension plan, an Authorized Representative, a Payment Agent, and a Broker-Custodian. (DE 1, ¶ 24.)  According to the Complaint, the pension plans were The Bella Consultants Pension Plan, The Green Group Site Pension Plan, The Mueller Investments Pension Plan, and the Sinclair Pension Plan (collectively, the "Pension Plans"). (DE 1, ¶¶ 37-40.)  Indeed, Plaintiff has filed lawsuits against each of these entities. (DE 1, fn 3.)

The Authorized Representative and the Payment Agent made the allegedly fraudulent representations to Plaintiff. (DE 1, ¶¶ 58-59.)  The Complaint specifically alleges Roger Lehman was the Authorized Representative of each of the Pension Plans and Syntax was the Payment Agent for each of the pension plans identified above. (DE 1, ¶ 58.)  The Complaint alleges Mr. Lehman, as the power of attorney for the pension plans, gave Syntax authority to "sign and file with applicable authorities any and all applications, requests, or claims for refund, reduction, repayment, and credit of, or exemption or relief from, any withholding or similar taxes in any jurisdiction." (DE 1, ¶ 58.)  The Complaint then alleges that Syntax transmitted the allegedly fraudulent information to Plaintiff. (DE 1, ¶ 61.)  The Complaint claims on information and belief that the Payment Agent distributed any money they received as a result of the filings by the Payment Agents. (DE 1, ¶ 63.)  The submissions by the Payment Agents also allegedly included documentation from a Broker-Custodian showing that each Pension Plan owned shares in Danish companies. (DE 1, ¶¶ 64-65.)

3

The Complaint does not allege that Mr. Sinclair held any of the positions that allegedly made false representations to Defendant. Notably absent is any factual allegation that Mr. Sinclair executed any of the allegedly fraudulent documents or was aware that Mr. Lehman or any of these other entities intended to do so. Indeed, the only factual allegations against Mr. Sinclair related to the claims are as follows:

- Mr. Sinclair was the sole participant in the Pension Plans. (DE 1, ¶ 17.)

- On information and belief, Mr. Sinclair caused the Pension Plans' fraudulent claims to be submitted to SKAT. (DE 1, ¶ 53.)[3]

- Mr. Sinclair participated in the fraudulent scheme by executing plan formation documents for each of the Pension Plans. (DE 1, ¶ 54.)

- Mr. Sinclair signed the formation documents for the LLCs that sponsored Pension Plans. (DE 1, ¶ 54.)

- Mr. Sinclair executed three Limited Power of Attorney documents, each dated January 29, 2015, appointing non-party Roger Lehman as the Authorized Representative, which effectively gave Mr. Lehman complete control over the Pension Plans. (DE 1, ¶ 54.)

On November 28, 2022, Plaintiff filed this case and asserted five claims against Mr. Sinclair: (i) fraud; (ii) unjust enrichment; (iii) money had and received; (iv) negligent misrepresentation; and (v) civil conspiracy. *Id.* The claims are apparently based on the fraudulent acts of others as described in the Complaint and Mr. Sinclair's role in forming the entities that allegedly committed fraud through the acts of Mr. Lehman and others.

---

[3] The Complaint also makes the conclusory allegation that "Defendant Sinclair exerted control over the Sinclair Plans as each Plan's sole participant, and Defendant Sinclair used this control to commit fraud on SKAT." (DE 1, ¶ 53.)

4

## II. Analysis

### A. *Standard of Review*

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement should include "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is deficient if "it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In such instances, a complaint may be dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

Additionally, "Rule 9(b) requires that allegations of fraud or mistake 'must state with particularity the circumstances constituting fraud or mistake.'" *Gentile v. Merck & Co., Inc.*, Case No. 2:19-cv-4174, 2022 WL 1084883, at*1 (S.D. Ohio Apr. 11, 2022) (quoting Rule 9(b)). "To satisfy Rule 9(b), a plaintiff must, at a minimum, 'allege the time, place, and content of the alleged misrepresentation' as well as 'the fraudulent scheme; the fraudulent intent of the defendants and the injury resulting from the fraud.'" *Roof Maxx Tech., LLC v. Holsinger*, Case No. 2:20-cv-03154, 2021 WL 3617153, at *4 (S.D. Ohio Aug. 16, 2021) (quoting *Bennet v. MIS Corp.*, 607 F.3d 1076, 110 (6th Cir. 2010)) (internal citations omitted). "Plaintiffs may plead fraud based on 'information and belief,' but the complaint 'must set forth a factual basis for such belief, and the allowance of this exception must not be mistaken for license to base claims of fraud on speculation and

5

conclusory allegations.'" *Id*. (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006)) (internal quotations omitted). "The failure to plead fraud or mistake with particularity is treated as a failure to state claim under Rule 12(b)(6)." *Gentile*, 2022 WL 1084883, at*1.

> ### B. The Complaint Fails to State Claims Upon Which Relief May Be Granted Because It Does Not Include Any Facts Suggesting That Sinclair Was Aware of or Participated in the Conduct Giving Rise to the Claims

### 1. Fraud

"Under Ohio law, to establish a claim for common law fraud, a plaintiff must prove: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Rheinfrank v. Abbott Laboratories, Inc.*, 119 F. Supp. 3d 749, 787 (S.D. Ohio 2015), aff'd, 680 Fed. Appx. 369 (6th Cir. 2017) (unpublished) quoting *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir.2000).

The Complaint does not allege the required elements of fraud. Other than forming the LLCs and the Pension Plans, there are no specific factual allegations to support the elements of fraud against Mr. Sinclair. While the Complaint explains the fraudulent acts by Mr. Lehman and these other third parties, it does not identify any representations or actions by Mr. Sinclair to Plaintiff. As alleged in the Complaint, Mr. Lehman and Syntax made the representations to obtain the refunds and a Broker-Custodian provided the allegedly false information regarding stock

ownership. None of these allegations identify facts to support the elements of fraud against Mr. Sinclair. Consequently, the fraud claims should be dismissed.

### 2. Unjust Enrichment

Under Ohio law, "the elements of unjust enrichment are: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit in circumstances where it would be unjust to do so." *Compound Prop. Mgt., LLC v. Build Realty, Inc.*, 462 F. Supp. 3d 839, 868 (S.D. Ohio 2020) quoting *Baatz v. Columbia Gas Transmission*, LLC, 929 F.3d 767, 776 (6th Cir. 2019). Unjust enrichment is an equitable claim.

The Complaint does not allege facts that support unjust enrichment. First, there are no facts alleging Mr. Sinclair received any money from the refunds allegedly paid to the Pension Plans. Indeed, Mr. Lehman appears to the mastermind of the scheme and the person who benefited from this alleged fraud. Second, the Complaint does not allege facts demonstrating Mr. Sinclair knew he was receiving a benefit from Plaintiff. The Complaint simply alleges Mr. Sinclair appointed Mr. Lehman as the power of attorney and that Mr. Lehman then allegedly committed fraud. There are no factual allegations demonstrating that Mr. Sinclair was aware of Mr. Lehman's actions or the actions of all these other third parties who are allegedly involved in this scheme. Third, there are no factual allegations that Mr. Sinclair unjustly retained a benefit. The Complaint does not allege how Mr. Sinclair was compensated for his work in forming the LLCs or the Pension Plans. Consequently, Count 2 should be dismissed as a matter of law.

### 3. Money Had & Received

"'Ohio recognizes an action for money had and received when a party to a contract has fully performed and another party has been unjustly enriched thereby. The action is an equitable action, based not on contract but on a moral obligation to make restitution where retention of

7

benefits bestowed would result in inequity and injustice. Thus, a party to a contract may defeat an action on the contract but, nevertheless, be liable in equity.'" *LRC Realty, Inc. v. B.E.B. Properties*, 166 N.E.3d 37, 41 (Ohio App. 11th Dist. 2020) quoting *Natl. City Bank, Norwalk v. Stang*, 84 Ohio App.3d 764, 766-767, 618 N.E.2d 241 (6th Dist.1992), citing *Hummel v. Hummel*, 133 Ohio St. 520, 526, 14 N.E.2d 923 (1938). "Under the theory of money had and received, judgment may be rendered against a party who was not a contracting party, but who nevertheless acted to withhold money that in justice and equity belonged to another." *Id*. citing *Hummel, supra*, at 529-530, 14 N.E.2d 923. "Further, 'a cause of action for money had and received lies when one receives money from another *without* valuable consideration given on the receiver's part." *Id*., quoting *Hameroff/Milenthal/Spence, Inc. v. Grigg*, 10th Dist. Franklin No. 1996 WL 598537, *2 (Oct. 15, 1996).

A money had and received claim arises where a contract was intended but did not actually exist. In *Hummel*, the plaintiff was entitled to a claim of money had and received when the contract between the plaintiff and the defendant was rendered invalid because it violated the statute of frauds. *Hummel*, p. 923. The parties made an oral contract for the defendant to pay the plaintiffs interest on money from insurance proceeds. *Id*., p. 925. The plaintiff gave the insurance proceeds to the defendant and the defendant deposited the money into an account in the defendant's name. Id. The defendant made only one interest payment but otherwise kept the money from the plaintiff. Id. In the lawsuit between the parties, the Court held the oral contract was void as a matter of law. Id. But, the Court ultimately held, "a plaintiff who has fully performed his part of the contract may maintain an action for money had and received against the other contracting party who is the recipient of a benefit to his unjust enrichment…." *Id*., p. 927.

8

22712022.v2

Like the unjust enrichment claim, there are no factual allegations to support a money had and received claim. There is no allegation that Mr. Sinclair was party to a contract with Plaintiff where Plaintiff performed under the contract, the contract was later determined to be invalid, but Mr. Sinclair retained a benefit because of Plaintiff's performance.

### 4. Negligent Misrepresentation

"A claim for negligent misrepresentation is established where: One who, in the course of his business,…supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Rheinfrank*, 119 F. Supp. 3d at 787 quoting *Gutter v. Dow Jones, Inc.*, 22 Ohio St.3d 286, 490 N.E.2d 898, 900 (1986).

Like the fraud claim, there are no facts in the Compliant that support the elements of negligent misrepresentation. The Complaint does not identify any representations made by Mr. Sinclair to Plaintiff. The Compliant alleges Mr. Lehman, Syntax, and the Broker-Custodian made false representations. The Complaint does not make any factual allegations regarding representations by Mr. Sinclair.

### 5. Civil Conspiracy

"Civil conspiracy is defined as 'a malicious combination of two or more persons to injure another person in person or property, in a way not competent for one alone, resulting in actual damage. A civil conspiracy claim requires an underlying tortious act that causes an injury. Thus, if there is no underlying tortious act, there is no actionable civil conspiracy claim.'" *Doane v. Givaudan Flavors Corp.*, 919 N.E.2d 290, 298 (Ohio App. 1st Dist. 2009) (quotation and citation omitted). Thus, Plaintiff must sufficiently allege a tort claim to support its civil conspiracy claim.

9

The tort claims alleged by Plaintiff are fraud and negligent misrepresentation.  As discussed above, both of those claims fail because there are no allegations that Mr. Sinclair made any false representations (or any representations) to Plaintiff.  The Complaint plainly alleges that the representations came from the Lehman, the Payment Agents, and the Broker-Custodians. (DE 1, ¶¶ 58-59, 64-65.)  Consequently, this claim must be dismissed.

**III.  Conclusion**

Accordingly, for the reasons stated herein, Defendant, Anthony Miles Sinclair, respectfully requests that the Court grant his Motion and dismiss the Complaint filed by Plaintiff, Skatteforvaltningen.

> Respectfully submitted,
>
> */s/ V. Brandon McGrath*
> V. Brandon McGrath
> DENTONS BINGHAM GREENEBAUM LLP
> 2350 First Financial Center
> 255 East Fifth Street
> Cincinnati, OH 45202
> (513) 455-7641
> Brandon.mcgrath@dentons.com
>
> COUNSEL FOR DEFENDANT,
> ANTHONY MILES SINCLAIR

22712022.v2

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 28th day of February, 2023, I filed the foregoing with the Clerk of the Court by using the CM/EMF system, which will send an electronic notice of filing to all parties of record.

Sabrina Haurin
Jolene S. Griffith
BAILEY CAVALIERI LLC
10 W. Broad St., Suite 2100
Columbus, Ohio 43215
Telephone: (614) 229-3303
Email: jgriffith@baileycav.com

Marc A. Weinstein (pro hac vice motion to be filed)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Fax: (212) 422-4726
Email: marc.weinstein@hugheshubbard.com

COUNSEL FOR PLAINTIFF,
SKATTEFORVALTNINGEN

                                                                               */s/ V. Brandon McGrath*
                                                                               COUNSEL FOR DEFENDANT,
                                                                               ANTHONY MILES SINCLAIR